

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 03 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# SUPREME COURT OF VIRGINIA

### PATRICIA L. HARRINGTON, CLERK

SUPREME COURT BUILDING

100 NORTH 9TH STREET, 5TH FLOOR

RICHMOND, VIRGINIA 23219

(804) 786-2251  V / TDD

FAX: (804) 786-6249

DOUGLAS B. ROBELEN
CHIEF DEPUTY CLERK

## CERTIFICATE

I, Sirena D. Kestner, Deputy Clerk of the Supreme Court of Virginia, do hereby certify that attached hereto are true copies of the pleadings filed in and orders entered by this Court in the case of Kyle Dean Bruns v. Director, Virginia Department of Corrections, Record No. 141175. (Civil Action No. 7:5cv392)

Given under my hand and seal of said Court this 30th day of October, 2015.

_____
Deputy Clerk, Supreme Court of Virginia

# IN THE SUPREME COURT OF VIRGINIA

Case No. _____



CLERK
SUPREME COURT OF VIRGINIA
RECEIVED
AUG - 4 2014
RICHMOND, VIRGINIA

NO org
$50CK

## KYLE DEAN BRUNS,
**Inmate No. 1459349,**

*Petitioner,*

-vs.-

# DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,

*Respondent.*

_____

On Appeal from the Circuit Court for Rockingham County
Case Nos: 01636 and 01637

_____

## REPLACEMENT PETITION FOR APPEAL

John O. Iweanoge, II
THE IWEANOGES FIRM, PC
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone:  (202) 347-7026
Fax:     (202) 347-7108
Email:  joi@iweanogesfirm.com
*Retained Counsel for Petitioner

# **TABLE OF CONTENTS**

*Page #*

TABLE OF CONTENTS .............................................................................. ii

TABLE OF AUTHORITIES ......................................................................... iii

STATEMENT OF THE CASE ...................................................................... 1

STATEMENT OF MATERIAL FACTS .......................................................... 2

QUESTIONS PRESENTED ......................................................................... 4

ASSIGNMENTS OF ERROR ....................................................................... 6

I.   The Circuit Court Erred in Failing to Find That Bruns' Right
     to Effective Assistance of Counsel as Guaranteed by the Sixth
     and Fourteenth Amendments to the United States Constitution
     Was Violated When Counsel Induced a Guilty Plea via
     Unfulfilled Promises................................................................... 6

II.  The Circuit Court Erred in Failing to Find That Bruns' Right
     to Effective Assistance of Counsel as Guaranteed by the Sixth
     and Fourteenth Amendments to the United States Constitution
     Was Violated When Counsel Failed to File a Motion to Suppress
     Statements, Leading to an Involuntary Plea.............................. 11

CONCLUSION ........................................................................................ 21

CERTIFICATE OF SERVICE ..................................................................... 22

# TABLE OF AUTHORITIES

*Cases:*                                                              *Page #*

Abney v. Warden, Mecklenberg Correctional Center, 1 Va. App. 26, 332 S.E.2d 802 (1985)................................................................8, 14

Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885 (1981).........11, 20

Bowles v. Nance, 236 Va. 310, 374 S.E.2d 19 (1988)................................9

Boykin v. Alabama, 395 U.S. 238 (1969)........................................9, 10, 19

Browning v. Commonwealth, 19 Va. App. 295, 452 S.E.2d 360 (1994).7, 13

California v. Beheler, 463 U.S. 1121, 1125 (1983) ....................................17

Chapman v. California, 386 U.S. 18, 23-24 (1967)..................................4, 5

Code v. Montgomery, 799 F.2d 1481 (11th Cir. 1986)..............................15

Colorado v. Spring, 479 U.S. 564 (1987)............................................17, 18

Commonwealth v. Funn, 9 Va. Cir. 238 (Cir. Ct. 1987).......................14, 15

Fare v. Michael C., 442 U.S. 707, 99 S.Ct. 2560, 2572,61 L.Ed.2d 197 (197)..................................................................................................18

Fontaine v. United States, 411 U.S. 2113, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973).................................................................................................11, 20

Gardner v. Warden, 222 Va. 491, 494, 281 S.E.2d 876, 878 (1981) ...........9

Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985).....................................9

House v. Balkcom, 725 F.2d 608, 618 (11th Cir. 1984)..............................15

Lilly v. Commonwealth, 218 Va. 960, 243 S.E.2d 208 (1978).............10, 19

Machibroda v. United States, 368 U.S. 487, 825 S. Ct. 510, 7 L. Ed. 2d 773 (1962)...................................................................10, 11, 19, 20

Mason v. Commonwealth, 7 Va. App. 339, 373 S.E.2d 603 (Ct. App. 1988).....................................................................................5

McCoy v. Newsome, 953 F.2d 1252, 1262-63 (11th Cir. 1992)..................15

Miranda v. Arizona, 384 U.S. 436 (1966) ......................................12, 17, 18

Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986).............................................................................................18

Murray v. Carrier, 477 U.S. 478 (1986) .................................................8, 14

Murray v. Griffith, 243 Va. 384, 416 S.E.2d 219 (1992).............................16

Oregon v. Mathiason, 429 U.S. 492, 495 (1977) .......................................17

Rhode Island v. Innis, 446 U.S. 291 (1980)................................................17

Spencer v. Commonwealth, 238 Va. 295, 384 S.E.2d 785 (1989).........6, 12

Standard 4-5.1(c) (1979) .............................................................................9

Stokes v. Warden, Powhatan Correctional Center, 226 Va. 111, 306 S.E.2d 882 (1983)...............................................................................7, 13

Strickland v. Washington, 466 U.S.668, (1984)...............................7, 13, 16

United States Department of Corrections v. Clark, 227 Va. 525, 318 S.E.2d 399 (1984)...............................................................................7, 13

Virginia Department of Corrections v. Clark, 227 Va. 525, 318 S.E.2d 399 (1984)...............................................................6, 7, 12, 13, 14

Zigta v. Commonwealth, 38 Va. App. 149, 154, 562 S.E.2d 347 (Ct. App. 2002)....................................................................................10, 19

iv

***Statutes and Other Authorities*:**

Virginia Code §8.01-675.3.................................................................1

Virginia Code §18.2-370.................................................................1

Virginia Code §18.2-374.3(B).................................................................1

Virginia Code §18.2-374.3(C).................................................................1

## STATEMENT OF THE CASE

The Petitioner, **KYLE BRUNS** (hereinafter referred to as "BRUNS"), initiated this appeal of a denial of a post-conviction motion pursuant to Virginia Code §8.01-675.3, *et seq.*   Indictments were returned against Bruns by the grand jury for  Rockingham County on December 19, 2011. Bruns was charged with: use of a communications system for the purposes of procuring a minor for an activity in violation of Virginia Code §18.2-370, in violation of Virginia Code §18.2-374.3(B) (indictment number 01636); and use of a computer to solicit a thirteen ear old for sexual intercourse in violation of Va. Code §18.2-374.3(C) (indictment number 01637). (Indictment numbers 01636 and 01637).

Bruns entered into an agreed disposition in the Rockingham County Circuit Court before the Honorable James V. Lane, wherein Bruns pleaded guilty to the two charges against him.  (Agreed Disposition).  Bruns was to be sentenced to a five year term of incarceration on indictment number 01636, with two years and six months suspended, and ten years incarceration on indictment number 01637, with ten years suspended. (Agreed Disposition). The sentences were to run consecutively. (Agreed Disposition).

1

Bruns was sentenced on April 26, 2012.  The sentence issued was that as called for in the agreed disposition.  (Sentencing Order).

On March 29, 2013, Bruns filed a petition for writ of habeas corpus pursuant to Virginia Code §8.01-654 in the trial court.  (Habeas Corpus Petition). Therein, Bruns argued: (1) Bruns' Right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution was violated when counsel induced a guilty plea via unfulfilled promises; and (2) Bruns' Right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution was violated when counsel failed to file a motion to suppress statements, leading to an involuntary plea.  (Habeas Corpus Petition).

On May 29, 2014, the lower court denied the habeas corpus petition. (Final Order).

Bruns filed a timely notice of appeal to this court, and the instant petition follows.  (Notice of Appeal).

## STATEMENT OF MATERIAL FACTS

The facts giving rise to this case, as put forth in the indictments and plea hearing transcript, occurred as a result of an investigation by the

2

Department of Virginia State Police, as coordinated by the Internet Crimes Against Children Task Force.   (Indictment; Plea Hearing Transcript). Special Agent Chad Morris participated in the investigation, acting as a thirteen year old female user for purposes of chatting on Yahoo! Instant Messenger. (Indictment; Plea Hearing Transcript).  On August 13, 2011, Morris was engaged by Bruns in a private chat. (Indictment; Plea Hearing Transcript).  The user informed Bruns that she was thirteen years of age. (Indictment; Plea Hearing Transcript).  Bruns asked the user if she wished to engage in sexual intercourse.  (Indictment; Plea Hearing Transcript).

On September 1, 2011, Morris, as the above mentioned user, contacted Bruns on Yahoo! IM. (Indictment; Plea Hearing Transcript).  The user again re-iterated her age.   (Indictment; Plea Hearing Transcript). Morris again asked if the user wished to have sexual intercourse. (Indictment; Plea Hearing Transcript).

During a chat on Yahoo! IM on September 7, 2011, Bruns told the user that he would "tap that." (Indictment; Plea Hearing Transcript).  The user again stated her age, to which Bruns stated that her age "don't matter, u wanna ride, my cock?" (Indictment; Plea Hearing Transcript).

During a chat on Yahoo! IM on October 5, 2011, the subject of the

3

user traveling to Harrisonburg for sex was broached.  (Indictment; Plea Hearing Transcript).  Bruns provided his cellular telephone number to the user, and stated that he would bring alcohol and a condom.  (Indictment; Plea Hearing Transcript).  Similar conversations were had on October 7, 8, and 11, 2011 in order to arrange a meeting for sex.  (Indictment; Plea Hearing Transcript).

On September 8, 2011, Agent Morris issued an administrative subpoena to Yahoo! Inc., for the I.P. login information for the person to which he had been communicating.   (Indictment; Plea Hearing Transcript). Investigation revealed that the participant in the conversations had an I.P address located at the Bruns' residence in Manassas, Virginia.  (Indictment; Plea Hearing Transcript).

Agent Morris interviewed Bruns via telephone on October 13, 2011 and in person on October 14, 2011.  (Indictment; Plea Hearing Transcript). Bruns admitted to being the sole user of the Yahoo Account at issue and stated that he was chatting with the a thirteen year old female due to boredom at work.  (Indictment; Plea Hearing Transcript).

4

## QUESTIONS PRESENTED

I.   **Whether the Circuit Court Erred in Failing to Find That Bruns' Right to Effective Assistance of Counsel as Guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution Was Violated When Counsel Induced a Guilty Plea via Unfulfilled Promises?**

The standard of review to be applied in cases alleging constitutional error is set forth in Chapman v. California, 386 U.S. 18, 23-24 (1967), in which it was stated that where an allegation is made that a federal constitutional right has been violated, the conviction must be reversed unless the government proves that the error was harmless beyond a reasonable doubt.  See also Mason v. Commonwealth, 7 Va. App. 339, 373 S.E.2d 603 (Ct. App. 1988).

The instant argument was raised in Bruns' petition for writ of habeas corpus and was denied by the circuit court in its order dated May 29, 2014. (Final Order).

The instant question pertains to assignment of error #1, as argued below.

II.    **Whether the Circuit Court Erred in Failing to Find That Bruns' Right to Effective Assistance of Counsel as Guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution Was Violated When Counsel Failed to File a Motion to Suppress Statements, Leading to an Involuntary Plea?**

The standard of review to be applied in cases alleging constitutional error is set forth in Chapman v. California, 386 U.S. 18, 23-24 (1967), as noted above.   See also Mason v. Commonwealth, 7 Va. App. 339, 373 S.E.2d 603 (Ct. App. 1988).

The instant argument was raised in Bruns' petition for writ of habeas corpus and was denied by the circuit court in its order dated May 29, 2014. ( Final Order).

The instant question pertains to assignment of error #2, as argued below.

## ASSIGNMENTS OF ERROR

I.    **The Circuit Court Erred in Failing to Find That Bruns' Right to Effective Assistance of Counsel as Guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution Was Violated When Counsel Induced a Guilty Plea via Unfulfilled Promises**

As an initial matter, Bruns submits that the instant argument is based upon the Circuit Court of Rockingham County's denial of Bruns' petition for writ of habeas corpus, in which it was found that the instant issue was

6

without merit. (Final Order).

Bruns submits that counsel promised that one of his charges would be dropped should Bruns make significant concessions, including pleading guilty. As such, Bruns was left without any choice but to plead guilty, when he otherwise would have proceeded to trial. Accordingly, Bruns submits that counsel was ineffective and that the lower court order denying his petition for writ of habeas corpus must be vacated.

A defendant has a Sixth Amendment right to counsel and this includes the right to effective assistance of counsel, which attaches to the states through the exercise of the Fourteenth Amendment. U.S. Const., amends. VI and XIV; Spencer v. Commonwealth, 238 Va. 295, 384 S.E.2d 785 (1989); Virginia Dept. of Corrections, 227 Va. 525, 318 S.E.2d 399 (1984). The constitutional right to counsel attaches not only at the trial itself, but also at any critical stage where the substantial rights of the defendant may be affected. Browning v. Commonwealth, 19 Va. App. 295, 452 S.E.2d 360 (1994). To see whether counsel has fallen below the minimum standard needed for effective assistance of counsel under the Sixth Amendment to the Constitution, a two-prong test must be met. Strickland v. Washington, 466 U.S.668, (1984).

In the case of <u>Strickland</u>, the Supreme Court decided that a determination of ineffective assistance of counsel would be conditioned on two factors, both of which must be met: (1) counsel's performance must have fallen below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for the counsel's errors, the results of the proceedings would probably have been different. <u>Id.</u> at 688-694; see also <u>United States Department of Corrections v. Clark</u>, 227 Va. 525, 318 S.E.2d 399 (1984); <u>Stokes v. Warden, Powhatan Correctional Center</u>, 226 Va. 111, 306 S.E.2d 882 (1983)(holding that counsel was ineffective because any reasonably competent attorney would have objected to a first degree murder instruction which impermissibly shifted the burden of proof to the defendant).

To be effective, an attorney must exercise the care and skill which a reasonably competent attorney would exercise for similar services under the circumstances. <u>Virginia Department of Corrections v. Clark</u>, 227 Va. 525, 318 S.E.2d 399 (1984). The ultimate focus is on the fundamental fairness of the proceeding. <u>Abney v. Warden, Mecklenberg Correctional Center</u>, 1 Va. App. 26, 332 S.E.2d 802 (1985).

"The court should be concerned with whether, despite a strong presumption of reliability, the result of a particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. The right to effective assistance of counsel may be violated by even an isolated error of counsel if the error is sufficiently egregious and prejudicial. Murray v. Carrier, 477 U.S. 478 (1986).

In the instant case, Bruns submits that trial counsel was constitutionally ineffective, in that counsel made unrealistic promises in order to induce a guilty plea. Counsel promised that if Bruns waived his right to a preliminary hearing, the Commonwealth would drop one of the two charges against Bruns (Habeas Corpus Petition). Based upon this promise, Bruns waived the preliminary hearing. (Habeas Corpus Petition). Further, Bruns entered a guilty plea, expecting one of the charges to be dropped. (Habeas Corpus Petition). Bruns' lack of legal experience doomed him herein, as he did not realize that he would be found guilty and sentenced on both counts until he was actually sentenced. (Habeas Corpus Petition). Absent counsel's promise regarding a dropped count, Bruns would not have entered a guilty plea. (Habeas Corpus Petition).

9

In the context of guilty pleas, the United States Supreme Court announced that counsel must give objectively reasonable advice before the presumption of effectiveness will be applied. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985). The high court has stated that the prejudice prong in guilty plea cases focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Id. at 59; Bowles v. Nance, 236 Va. 310, 374 S.E.2d 19 (1988). The ABA Standards Relating to the Administration of Criminal Justice states "it is unprofessional conduct for the lawyer to understate or overstate the risks, hazards, or prospects of the case to exert undue influence on the accused's decision as to his or her plea." Standard 4-5.1(c) (1979). Further, counsel is not to induce a guilty plea via unrealistic promises. See Gardner v. Warden, 222 Va. 491, 494, 281 S.E.2d 876, 878 (1981) (to decide whether guilty plea is voluntary, trial court must be advised of any promises made to induce plea). As noted, counsel understated the risks associated with pleading guilty, as counsel made an unrealistic promise, causing Bruns to enter an invalid plea.

A guilty plea, to satisfy the requirements of due process of law as guaranteed by the Fifth Amendment to the United States Constitution, must be made knowingly, voluntarily, and intelligently. Boykin v. Alabama, 395

10

U.S. 238 (1969).  In order to plead voluntarily, a defendant must know the direct consequences of his plea, including the actual value of any commitments made to him.   Lilly v. Commonwealth, 218 Va. 960, 243 S.E.2d 208 (1978).

The Supreme Court has ruled that a plea must be found to be involuntary if it was based upon promises or threats which deprived it of a voluntary character.   Machibroda v. United States, 368 U.S. 487, 493 (1962).  "The validity of a guilty plea hinges on whether it was a voluntary and intelligent choice among alternative courses of action open to the defendant."  Zigta v. Commonwealth, 38 Va. App. 149, 154, 562 S.E.2d 347 (Ct. App. 2002).

Bruns' choice to plead guilty was the only viable option in this case, according to the unfulfilled promises of counsel.  However, had Bruns been aware of the true nature of his plea, he would have considered all available options, and would not have entered a guilty plea.  Such not only renders counsel's assistance below any objective standard of reasonableness, but such resulted in the entering of an invalid plea by Bruns.  Bruns was prejudiced by counsel's poor performance, not only in entering an invalid plea, but in pleading guilty when he would not otherwise have done so.

Unfortunately, the lower court found that Bruns' statement to the court during plea hearings that he was satisfied with counsel's representation to be definitive herein.  (Final Order)(citing Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885 (1981)).  Even though the record regarding a plea hearing may be complete, the Supreme Court opinions in  Machibroda v. United States, 368 U.S. 487, 825 S. Ct. 510, 7 L. Ed. 2d 773 (1962) and Fontaine v. United States, 411 U.S. 2113, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973) indisputably teach that the barrier of that hearing and the plea or sentencing proceeding record, although imposing, is not invariably insurmountable.[1] Id.  As such, the lower court should have reviewed the instant claim based upon the entirety of the record, including the pleadings and claims raised by Bruns.

As a result of counsel's ineffectiveness, Bruns submits that the order of the lower court must be vacated, and this matter must be set for re-hearings consistent with the findings of this Court and the constitutional principles of fair play and substantial justice.

---

[1]Fontaine and Machibroda were by no means the first cases in which the High Court held that post-conviction collateral relief might be available to a person convicted after having pleaded guilty. See Herman v. Claudy, 350 U.S. 116, 76 S. Ct. 223, 100 L. Ed. 126 (1956); Waley v. Johnston, 316 U.S. 101, 62 S. Ct. 964, 86 L. Ed. 1302 (1942); Walker v. Johnston, 312 U.S. 275, 61 S. Ct. 574, 85 L. Ed. 830 (1941).

12

II.   **The Circuit Court Erred in Failing to Find That Bruns' Right to Effective Assistance of Counsel as Guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution Was Violated When Counsel Failed to File a Motion to Suppress Statements, Leading to an Involuntary Plea.**

As an initial matter, Bruns submits that the instant argument is based upon the Circuit Court of Rockingham County's denial of Bruns' petition for writ of habeas corpus, in which it was found that the instant issue was without merit. (Final Order).

Bruns submits that the statement that he gave to law enforcement officials was done so in a coercive atmosphere and absent being issued and waiving his Miranda rights.   Defense counsel failed to attempt to suppress Bruns' statement.   As such, Bruns was left without any choice but to plead guilty, when he otherwise would have proceeded to a jury trial. Accordingly, Bruns submits that his plea was not validly entered and that the lower court order denying his petition for writ of habeas corpus must be vacated.

A defendant has a Sixth Amendment right to counsel and this includes the right to effective assistance of counsel, which attaches to the states through the exercise of the Fourteenth Amendment.   U.S. Const., amends. VI and XIV; Spencer v. Commonwealth, 238 Va. 295, 384 S.E.2d

13

785 (1989); Virginia Dept. of Corrections, 227 Va. 525, 318 S.E.2d 399 (1984). The constitutional right to counsel attaches not only at the trial itself, but also at any critical stage where the substantial rights of the defendant may be affected. Browning v. Commonwealth, 19 Va. App. 295, 452 S.E.2d 360 (1994). To see whether counsel has fallen below the minimum standard needed for effective assistance of counsel under the Sixth Amendment to the Constitution, a two-prong test must be met. Strickland v. Washington, 466 U.S.668, (1984).

In the case of Strickland, the Supreme Court decided that a determination of ineffective assistance of counsel would be conditioned on two factors, both of which must be met: (1) counsel's performance must have fallen below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for the counsel's errors, the results of the proceedings would probably have been different. Id. at 688-694; see also United States Department of Corrections v. Clark, 227 Va. 525, 318 S.E.2d 399 (1984); Stokes v. Warden, Powhatan Correctional Center, 226 Va. 111, 306 S.E.2d 882 (1983)(holding that counsel was ineffective because any reasonably competent attorney would have objected to a first degree murder instruction which impermissibly shifted the burden of proof

to the defendant).

To be effective, an attorney must exercise the care and skill which a reasonably competent attorney would exercise for similar services under the circumstances.  Virginia Department of Corrections v. Clark, 227 Va. 525, 318 S.E.2d 399 (1984).  The ultimate focus is on the fundamental fairness of the proceeding.  Abney v. Warden, Mecklenberg Correctional Center, 1 Va. App. 26, 332 S.E.2d 802 (1985).

"The court should be concerned with whether, despite a strong presumption of reliability, the result of a particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results."  Id.  The right to effective assistance of counsel may be violated by even an isolated error of counsel if the error is sufficiently egregious and prejudicial.  Murray v. Carrier, 477 U.S. 478 (1986).

In the instant case, Bruns submits that trial counsel was constitutionally ineffective, in that counsel failed to conduct adequate pre-trial investigation.  Counsel failed to file a motion to suppress a coerced statement obtained by police from Bruns.  The courts have recognized that, in certain circumstances, failure to investigate a defense would amount to

15

ineffective assistance of counsel requiring a reversal of the conviction. Commonwealth v. Funn, 9 Va. Cir. 238 (Cir. Ct. 1987). Further, counsel does have a duty to investigate, and that duty extends to all investigation which is reasonable. Virginia Dept. of Corrections v. Clark, 227 Va. 525, 318 S.E.2d 399 (1984). The pretrial investigation must be conducted in such a manner that counsel's decisions reflect informed deliberation. Id. at 534. The amount of pre-trial investigation will vary from case to case, and will depend in large part upon counsel's overall strategy. Id.

"[W]hen a lawyer fails to conduct a substantial investigation into any of his client's plausible lines of defense, the lawyer has failed to render effective assistance of counsel." McCoy v. Newsome, 953 F.2d 1252, 1262-63 (11th Cir. 1992). "Pre-trial preparation, principally because it provides a basis upon which most of the defense case must rest, is, perhaps, the most critical stage of a lawyer's preparation." House v. Balkcom, 725 F.2d 608, 618 (11th Cir. 1984).

In McCoy v. Newsome, counsel was found to be effective because the record revealed that an investigation into alibi defenses for the defendant was conducted, but discarded as an unreasonable defense. Id. at 1263. In Code v. Montgomery, 799 F.2d 1481 (11th Cir. 1986), the court

16

determined that the defendant was deprived of a fair trial by his counsel's failure to investigate and present an available alibi witness. Id. at 1484. Counsel was found to be ineffective because he only interviewed one witness, the defendant's mother, who he erroneously believed to be an alibi witness, yet failed to subpoena her to testify, asking the incarcerated defendant to make arrangements for her to be at the trial. Id. at 1483. Similarly, in Commonwealth v. Funn, 9 Va. Cir. 238 (Cir. Ct. 1987), the court ruled that counsel had provided ineffective assistance when counsel presented the defendant's testimony that he had not committed the crime at issue, as well as a witness that provided inculpatory evidence. Further, counsel failed to attempt to impeach the testimony of the complaining witness. Id. The court ruled that such decisions were not of a strategic nature, allowing them to escape ineffective assistance of counsel inquiry, as no cohesive strategy was evident. Id. In Murray v. Griffith, 243 Va. 384, 416 S.E.2d 219 (1992), counsel was not found to be ineffective despite a failure to investigate an alibi witness. The alibi witness was found to be only an "incidental" part of the defense, as counsel put forth eight witnesses who testified that another individual admitted to committing the crimes at issue and also attacked the credibility of the accuser, thereby minimizing

17

the need for an alibi witness.  Id. at 389-390.

As the Supreme Court further recognized in Strickland, "counsel bears a duty to make a reasonable investigation of the law and facts in his client's case."   Strickland, 466 U.S. at 691.   Additionally, the ABA Standards Relating to the Administration of Criminal Justice provide:

> It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction.   The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities.   The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty.

Standard 4-4.1.

As noted, Bruns' counsel failed to file a motion to suppress the Petitioner's statement, which was the product of coercion.   In order to protect a citizen's right against self-incrimination as guaranteed by the Fifth Amendment, the Supreme Court held in Miranda v. Arizona, 384 U.S. 436 (1966), that suspects must be read certain warnings before they are subjected to "custodial interrogation."   Id. at 444. A suspect must be both "in custody" and subject to "interrogation" to trigger the Miranda warnings

18

requirement.

A person is "in custody" for purposes of Miranda if that person either is formally arrested or has suffered a "'restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam) (quoting Oregon v. Mathiason, 429 U.S. 492, 495 (1977).

"Interrogation" refers not only to express questioning, but also to any words or actions that the police should know are reasonably likely to elicit an incriminating response from the suspect.  Rhode Island v. Innis, 446 U.S. 291 (1980).

For the Government to prove that a defendant has validly waived his rights, they must show that the waiver was knowing, voluntary, and intelligent.  Colorado v. Spring, 479 U.S. 564 (1987).  The Government must prove the validity of a waiver by a preponderance of the evidence.  Id. Once it is determined, under the totality of the circumstances surrounding a waiver, that a suspect's decision not to rely on his rights was uncoerced, that he at all times knew he could stand mute and request a lawyer and that he was aware of the State's intention to use his statements to secure a conviction, a court may conclude that Miranda rights have been waived.

Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410

(1986); see also Fare v. Michael C., 442 U.S. 707, 99 S.Ct. 2560, 2572, 61

L.Ed.2d 197 (1979).

Herein, Bruns was interrogated by Special Agent Chad Morris. The

interrogation did not occur at police headquarters, but inside Morris' van.

(Habeas Corpus Petition).   During the interrogation, Morris placed a gun

aggressively on the middle console of the van.  (Habeas Corpus Petition).

As such, Bruns submits that he felt that he was not free to leave the

encounter, and was therefore in custody.   Any statement given by Bruns

was done so in violation of Miranda, as no valid waiver was given.   Bruns

gave a statement only after Morris displayed his firearm, and threatened to

implicate Bruns' family, friends, and co-workers in this matter.   Bruns felt

coerced into giving his statement. (Habeas Corpus Petition).

Unfortunately, as noted, counsel did not challenge the validity and

admissibility of Bruns' statement.   Such caused counsel's performance to

fall below any objective standard of reasonableness, as Bruns admitted

guilt herein during the statement to Morris.   Counsel took no steps to

suppress this evidence.  Bruns was prejudiced by counsel's unreasonable

conduct, in that he was convicted upon inadmissible evidence, but more

20

importantly because counsel's failure caused Bruns to enter an invalid plea.

A guilty plea, to satisfy the requirements of due process of law as guaranteed by the Fifth Amendment to the United States Constitution, must be made knowingly, voluntarily, and intelligently.  <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969).  In order to plead voluntarily, a defendant must know the direct consequences of his plea, including the actual value of any commitments made to him.  <u>Lilly v. Commonwealth</u>, 218 Va. 960, 243 S.E.2d 208 (1978).

The Supreme Court has ruled that a plea must be found to be involuntary if it was based upon promises or threats which deprived it of a voluntary character.  <u>Machibroda v. United States</u>, 368 U.S. 487, 493 (1962).  "The validity of a guilty plea hinges on whether it was a voluntary and intelligent choice among alternative courses of action open to the defendant."  <u>Zigta v. Commonwealth</u>, 38 Va. App. 149, 154, 562 S.E.2d 347 (Ct. App. 2002).

Bruns' not aware of any courses of action other than pleading guilty, as counsel failed to advise Bruns of any such courses of action.  Counsel failed to undertake pre-trial investigation which would have led to a viable alternative to pleading guilty.  Such not only renders counsel's assistance

21

below any objective standard of reasonableness, but such resulted in the entering of an invalid plea by Bruns. Bruns' was prejudiced by counsel's poor performance, not only in entering an invalid plea, but in pleading guilty when he would not otherwise have done so.

Unfortunately, the lower court found that Bruns' statement to the court during plea hearings that he was satisfied with counsel's representation to be definitive herein. (Final Order)(citing Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885 (1981)). Even though the record regarding a plea hearing may be complete, the Supreme Court opinions in Machibroda v. United States, 368 U.S. 487, 825 S. Ct. 510, 7 L. Ed. 2d 773 (1962) and Fontaine v. United States, 411 U.S. 2113, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973) indisputably teach that the barrier of that hearing and the plea or sentencing proceeding record, although imposing, is not invariably insurmountable.[2] Id. As such, the lower court should have reviewed the instant claim based upon the entirety of the record, including the pleadings and claims raised by Bruns.

---

[2]Fontaine and Machibroda were by no means the first cases in which the High Court held that post-conviction collateral relief might be available to a person convicted after having pleaded guilty. See Herman v. Claudy, 350 U.S. 116, 76 S. Ct. 223, 100 L. Ed. 126 (1956); Waley v. Johnston, 316 U.S. 101, 62 S. Ct. 964, 86 L. Ed. 1302 (1942); Walker v. Johnston, 312 U.S. 275, 61 S. Ct. 574, 85 L. Ed. 830 (1941).

As a result of counsel's ineffectiveness, Bruns submits that the order of the lower court must be vacated, and this matter must be set for re-hearings consistent with the findings of this Court and the constitutional principles of fair play and substantial justice.

## CONCLUSION

Based on the points of authority set forth above, the Petitioner, Bruns, through counsel, respectfully requests that this court reverse the decision of the lower court and grant Bruns' petition for writ of habeas corpus.

Respectfully submitted,

John O. Iweanoge, II
THE IWEANOGES FIRM, PC
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone:  (202) 347-7026
Fax:     (202) 347-7108
Email:   joi@iweanogesfirm.com
Attorneys for Petitioner

24

## CERTIFICATE OF SERVICE

I hereby certify that:

1.   The Petitioner is Kyle Bruns, Coffeewood Correctional Center, P.O. Box 500, Mitchells, Virginia 22729, Inmate Registration Number: 1459349;

2.   The Respondent is the Director, Virginia Department of Corrections;

3.   Counsel for the Respondent is Rosemary V. Bourne, Senior Assistant Attorney General, Office of the Attorney General for the Commonwealth of Virginia, 900 East Main Street, Richmond, Virginia 23219;

4.   In compliance with Rule 5:17, a copy of this Petition for Appeal was mailed to the Clerk of the Supreme Court of Virginia on this 5TH day of AUGUST, 2014, and a copy of same was mailed and/or hand delivered to counsel for the Respondents, at the address stated above;

5.   Pursuant to Va. Sup. Ct. R. Pt. 5, 5:17(e)(4), counsel does not request oral argument at this time.

John O. Iweanoge, II
Retained Counsel for Petitioner

25



**COMMONWEALTH of VIRGINIA**

*Office of the Attorney General*

Mark R. Herring
Attorney General

August 25, 2014

900 East Main Street
Richmond, Virginia 23219
804-786-2071
FAX 804-786-1991
Virginia Relay Services
800-828-1120
7-1-1

The Honorable Patricia L. Harrington, Clerk
Supreme Court of Virginia
100 North Ninth Street
Richmond, Virginia  23219

    Re:    <u>Kyle Dean Bruns  v. Director Department of Corrections,</u>
           Record No. Case No. 141175

Dear Ms. Harrington:

    This is to advise that we do not intend to file a brief in opposition to the petition for appeal in the above-styled matter unless otherwise directed to do so by the Court.  We intend to rely on the pleadings filed in the court below and the circuit court's order granting the motion to dismiss.

    Thank you for your courtesy and assistance.

                    Yours very truly,

                    Rosemary V. Bourne
                    Senior Assistant Attorney General
                    Bar No. 41290

cc:    John O. Iweanoge, II

## *VIRGINIA:*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on* Tuesday *the* 21st *day of* October, 2014.

Kyle Dean Bruns,                                        Appellant,

  against        Record No. 141175

Director, Virginia Department of Corrections,          Appellee.

### Rule to Show Cause

A rule is hereby issued on the appellant to show cause why the above-styled appeal should not be dismissed for failure to comply with Rule 5:17(c)(1) of the Rules of this Court. ("Under a heading entitled "Assignments of Error," the petition shall list, . . . the specific errors in the rulings below upon which the party intends to rely. An exact reference to the page(s) of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included with each assignment of error.")

Appellant may cure this defect by filing with the Clerk of this Court, within 21 days from the date of this order, seven copies of a document titled "Assignment(s) of Error" setting forth each assignment of error from appellant's petition for appeal. The assignment(s) of error in this document shall be identical to the assignment(s) of error in the petition and shall include the citations to the record required by Rule 5:17(c)(1). If the

appellant fails to file a timely response to this rule to show cause, or if such response is insufficient, the petition for appeal may be dismissed.   Rule 5:1A.


                          A Copy,

                              Teste:

                                        Patricia L. Harrington, Clerk

                              By:

                                        Deputy Clerk



**IN THE SUPREME COURT OF VIRGINIA**

**KYLE DEAN BRUNS**

     **Appellant,**

  **V.**             **Record No: 141175**

**DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,**

     **Appellee.**

CLERK
SUPREME COURT OF VIRGINIA
**RECEIVED**
OCT 30 2014
RICHMOND, VIRGINIA

**ORIGINAL**

## ASSIGNMENTS OF ERROR

Pursuant to an Order of this Court, dated October 21, 2014, the Petitioner herein, KYLE BRUNS, by and through the undersigned counsel, presents the following "Assignments of Error":

1. The Circuit Court erred in failing to find that Bruns' right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution was violated when counsel induced a guilty plea via unfulfilled promises.

  The instant argument was raised in Bruns' petition for writ of habeas corpus. (Petition for Writ of Habeas Corpus). The issue was denied by the Circuit Court for Rockingham County in its order denying the habeas corpus petition. (Order Denying Petition).

1

2.    The Circuit Court erred in failing to find that Bruns' right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution was violated when counsel failed to file a motion to suppress statements, leading to an involuntary plea.

The instant argument was raised in Bruns' petition for writ of habeas corpus.  (Petition for Writ of Habeas Corpus).  The issue was denied by the Circuit Court for Rockingham County in its order denying the habeas corpus petition. (Order Denying Petition).

Respectfully submitted,

THE IWEANOGES FIRM, P.C.

Kyle Dean Bruns
Appellant  by Counsel

By: _____
John O. Iweanoge, II (VSB #:47564)
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017
Phone:  (202) 347-7026
Fax:      (202) 347-7108
Email:  joi@iweanogesfirm.com
Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _23RD_ day of _OCTOBER_, 2014,

I caused to serve a copy of the foregoing documents:

## ASSIGNMENTS OF ERROR

___X___ by placing a true copy thereof in a sealed envelope, with postage prepaid, and causing same to be mailed by U.S. Postal Service first class, postage prepaid mail to the person(s) at the address(es) set forth below;

_____ by causing to be personally delivered a true copy thereof to the person(s) at the address(es) set forth below;

_____ by FEDERAL EXPRESS/EXPRESS MAIL to the person(s) at the address(es) set forth below;

_____ by telefaxing with acknowledgement of receipt to the person(s) at the address(es) set forth below;

_____ by email with acknowledgement of receipt to the person(s) at the address(es) set forth below;

Rosemary V. Bourne, Esquire
Senior Assistant Attorney General
Office of the Attorney General
for the Commonwealth of Virginia
Criminal Litigation Section
900 East Main Street
Richmond, Virginia 23219

Dated: _23RD_ day of _OCTOBER_, 2014.

Of Counsel to Appellant

3

## VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on*   Thursday *the* 16th *day of*   April, 2015.

Kyle Dean Bruns,                                                   Appellant,

  against       Record No. 141175
                Circuit Court No. CL13-1202

Director, Virginia Department
 of Corrections,                                                   Appellee.


From the Circuit Court of Rockingham County


      Upon review of the record in this case and consideration of the argument submitted in support of the granting of an appeal, the Court is of opinion there is no reversible error in the judgment complained of.  Accordingly, the Court refuses the petition for appeal.

      The rule to show cause previously entered herein is discharged.

                    A Copy,

                    Teste:

                                Patricia L. Harrington, Clerk

                    By:

                              Deputy Clerk