IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KYLE DEAN BRUNS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00392 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR, VDOC, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

    Petitioner Kyle Dean Bruns, a Virginia inmate proceeding with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 convictions and sentence in the Rockingham County Circuit Court. Respondent filed a motion to dismiss and Bruns responded, making this matter ripe for disposition. Upon review of the record, I conclude that Bruns' petition is untimely filed and, therefore, I will grant respondent's motion to dismiss.

    On May 10, 2012, after his guilty plea, the Rockingham County Circuit Court entered judgment against Bruns, convicting him of committing a sexual offense against a minor by computer and proposing sex by computer in violation of Virginia Code §§ 18.2-374.3(B) and 18.2-374.3(C). The court sentenced Bruns to fifteen years of incarceration, with twelve years and six months suspended. Bruns did not appeal. Bruns, with counsel, filed a habeas petition in the Rockingham County Circuit Court on March 29, 2013, which the court dismissed on its merits. Bruns appealed to the Supreme Court of Virginia and the court refused his appeal on April 16, 2015. Bruns filed the instant federal habeas petition on July 17, 2015.

    Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A-D), Rule 3(c) of the Rules Governing § 2254 Proceedings. Under § 2244(d)(1)(A), Bruns' conviction became final, and the statute of limitations began to run, on June 11, 2012, when his time to file an appeal to the Court

of Appeals of Virginia expired.[1]  Therefore, Bruns had until June 11, 2013, to file a timely federal habeas petition.

However, the time during which a "properly filed" state habeas petition is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2). Accordingly, the statute of limitations clock stopped running on March 29, 2013, after approximately 291 days, when Bruns filed his habeas petition in the Rockingham County Circuit Court.  The clock began running again when the Supreme Court of Virginia refused his appeal on April 16, 2015 and stopped approximately 92 days later when Bruns filed his federal habeas petition on July 17, 2015. Therefore, the time clock on Bruns' statute of limitations ran for a total of approximately 383 days before he filed his federal habeas petition.  Accordingly, Bruns' petition is time-barred unless he demonstrates that he is actually innocent of his convictions, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), or that the court should equitably toll the one-year statute of limitations, *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003).[2]

Bruns makes no argument to support actual innocence or equitable tolling. Instead, he concedes that his petition was filed outside the applicable statute of limitations but argues that there is "[n]o viable reason, except for the arbitrary and unconstitutional filing requirements

---

[1] Bruns alleges nothing to support application of § 2244(d)(1)(B-D).

[2] A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d. at 246 (citing *Harris*, 209 F.3d at 330).  The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)). Ineffective assistance of counsel generally does not warrant equitable tolling. *See Rouse*, 339 F.3d at 248; *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).

imposed by the AEDPA," for the court to not consider his petition on its merits. Specifically, he argues that application of the statute of limitations would violate the Suspension Clause of the United States Constitution. I find this argument both unsupported by law and unpersuasive. *See Davis v. Bumgarner*, No. 99-6791, 1999 U.S. App. LEXIS 29843, at *2, 1999 WL 1032617, at * 1 (4th Cir. Nov. 15, 1999) (citing *Mueller v. Angelone*, 181 F.3d 557, 572-73 (4th Cir. 1999)), *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009). Accordingly, I will grant respondent's motion to dismiss Bruns' petition as untimely filed.

      **ENTER**: This  14th  day of July, 2016.

                                                                   NORMAN K. MOON
                                                                   UNITED STATES DISTRICT JUDGE